# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KAREN MONTEVERDE** | * | **CIVIL ACTION:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY** | * | **SECTION:** |
| | * | **MAGISTRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Defendant State Farm Fire and Casualty Company ("State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this matter from the 24th Judicial District Court for the Parish of Jefferson to this Court.

1. This is an insurance coverage and bad faith case. On March 17, 2023, Petitioner Karen Monteverde ("Petitioner") filed a "Petition for Sums Due Under Insurance Policy, Damages for Breach of Contract, Statutory Penalties, Statutory Attorneys Fees" in Case No. 838-820 (the "Petition") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. *See Exhibit A*. Petitioner alleges that her home sustained damage during Hurricane Ida and that the property was, at that time, insured by a policy issued by State Farm (the "Policy"). Petitioner seeks contractual damages from State Farm under the Policy, as well as bad-faith related extra-contractual damages and attorneys' fees.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Petitioner and Defendant.

3. Petitioner asserts claims against State Farm related to State Farm's handling

of her insurance claim following Hurricane Ida. Generally, Petitioner alleges her property sustained damage during Hurricane Ida, resulting in damage to the covered property. *See Exhibit A*, ¶ IV. Petitioner also makes claims regarding alleged deficiencies in State Farm's handling of her claim, including that State Farm "breached it's [sic] obligation to Petitioner [ ] by refusing to pay for losses" covered under the Policy. *See id.*, ¶ VI. Petitioner further alleges that State Farm breached its statutory duties under La. R.S. 22:1892 and 22:1973 by failing to timely pay Petitioner for her alleged losses and "misrepresenting pertinent facts or insurance provisions relating to any coverage at issue." *See id.*, ¶ VII. As a result of State Farm's alleged misconduct, Petitioner seeks contractual damages under the Policy, statutory penalties, and attorneys' fees. *See id.*, ¶ X.

4. State Farm did not file an Answer in state court prior to removal, and thus will file its initial responsive pleading in accordance with Federal Rule of Civil Procedure 81(c).

5. State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal in the state court in which this case was previously pending.

I. **GROUNDS FOR REMOVAL**

6. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

A. **Complete Diversity Exists Between the Parties.**

7. The Petition alleges that Petitioner, Karen Monteverde, is a domiciliary of Jefferson Parish, Louisiana. *Exhibit A*, Preamble. Accordingly, Petitioner is considered a citizen of Louisiana for the purposes of diversity jurisdiction.

8.      State Farm is a foreign insurance corporation organized and incorporated under the laws of the State of Illinois with its principal place of business in the State of Illinois.  Thus, State Farm is a citizen of the State of Illinois under 28 U.S.C. § 1332(c)(1).

**B.      The Amount in Controversy Exceeds $75,000.00.**

9.      Additionally, Petitioner's claims exceed $75,000.00, exclusive of interest and costs.  Petitioner seeks monetary damages under the Policy's coverages, as well as statutory penalties and attorneys' fees. *Exhibit A*, ¶ X.

10.     The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). "The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id*.

11.     To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553-54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs, Inc.*, 2017 WL 3447808, at *2 (W.D. La. Aug. 9, 2017).

12.     A removing defendant can meet this burden in two ways: "(1) by demonstrating that it was facially apparent from the allegations of the state court petition that the amount in controversy exceeded the $75,000.00 jurisdictional threshold, or (2) by offering summary-judgment type evidence of the facts in controversy, which support a finding that the requisite amount was in controversy." *Bienemy v. Hertz Corp.*, No. 16-15413, 2016 WL 6994200, at *2 (E.D. La. Nov. 30, 2016) (Morgan, J.).

13. The Court should consider claims for statutory damages and attorneys' fees when ascertaining the amount in controversy. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Henderson v. Allstate Fire & Cas. Ins. Co.*, 154 F. Supp. 3d 428, 433 (E.D. La. 2015). In this case, Petitioner alleges that State Farm has failed to pay the amounts owed to Petitioner under the Policy despite receiving proof of loss. *See Exhibit A*, ¶¶ IV, VI. Petitioner further alleges that State Farm violated its duties under La. R.S. 22:1892 and 22:1973 thereby entitling Petitioner to statutory penalties. *Id.*, ¶ VII. Finally, Petitioner claims that State Farm has violated Louisiana Civil Code articles 1756 and 1995 – 1998 thereby entitling Petitioner to compensation for mental suffering. *Id.*, ¶ VIII.

14. It is facially apparent from the allegations of the Petition that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a). Petitioner affirmatively alleges that that she is entitled to $131,183.64 in contractual damages, $10,000.00 for mental anguish, and $327,959.10 in statutory penalties. *Exhibit A*, ¶ X. Thus, the total amount sought by Petitioner is $469,142.74.

15. While State Farm admits neither liability nor any element of damages, the contractual benefits and statutory penalties demanded by Petitioner exceed $75,000 and thus satisfy the requirement for amount in controversy under 28 U.S.C. § 1332(a) even before consideration of Petitioner's claim for attorneys' fees.

**II.    VENUE**

16. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## III.   PROCEDURAL REQUIREMENTS

17.   Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Petitioner's Petition for Sums Due Under Insurance Policy, Damages for Breach of Contract, Statutory Penalties, Statutory Attorneys Fees |
| B. | Copy of the State Court Record |
| C. | State Farm's Certificate of Compliance |

18.   The Notice of Removal is being filed within thirty (30) days of State Farm's receipt of service of the citation and Petitioner's Petition on March 30, 2023 and is thus timely filed under 28 U.S.C. § 1446(b).  There exists an actual and justiciable controversy between Petitioner and State Farm with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

19.   Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.  *Exhibit B.*

20.   Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.  *Exhibit C.*

21.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana promptly after filing of same.  *Exhibit C.*

22.   Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served consent to the removal of this action, as State Farm is the sole defendant named in Petitioner's Petition.

23. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Local Civil Rules of this District Court.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

*/s/ Katelyn N. McGibney*
Justin P. Lemaire [T.A.], La. Bar No. 29948
Katelyn N. McGibney, La. Bar No. 39979
Stone Pigman Walther Wittmann L.L.C.
909 Poydras Street, Suite 3150
New Orleans, Louisiana 70112
Telephone: (504) 581-3200
Facsimile: (504) 581-3361
Email: jlemaire@stonepigman.com
          kmcgibney@stonepigman.com

*Attorneys for State Farm Fire and Casualty Company*

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Notice of Removal has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed and by e-mail, this 27th day of April, 2023.

 */s/ Katelyn N. McGibney*
Katelyn N. McGibney

4282124v.1